Walters v. Taylor 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-116-CV

     SANDRA BALDWIN WALTERS,
                                                                                              Appellant
     v.

     ALFRED BARRITT TAYLOR,
                                                                                              Appellee
 

From the 310th District Court
Harris County, Texas
Trial Court # 84-14221
                                                                                                    

O P I N I O N
                                                                                                    

      Sandra Walters appeals the trial court's order denying her motion to modify the decree of
divorce from her former husband, Alfred Taylor. Because she failed to offer any evidence that
her circumstances or those of Taylor or the children have materially and substantially changed
since the date of divorce, we affirm.
      The divorce decree, signed by the trial judge on September 28, 1984, designated Walters and
Taylor joint managing conservators of the children, approved their written agreement containing
provisions for conservatorship and support of the children, and ordered that "there shall be no
child support paid by either party to the other." Walters filed a motion to modify on May 29,
1991, alleging:
The circumstances of the children or a person affected by the order or the portion of the
decree waiving the payment of support for the children, have materially and substantially
changed since the entry of the order to be modified, and the child support payments
previously waived by the parties should be ordered retroactive from the date of the filing
of this motion.

(Emphasis added).
      On December 10 the parties appeared before the court for a hearing on Walters' motion to
modify. After Walters rested, Taylor moved for judgment. The trial court granted that motion
and, on December 11, signed an order denying Walters' motion to modify. Thereafter, Walters
timely filed a Request for Findings of Facts and Conclusions of Law pursuant to Rule 296 and a
Notice of Past Due Findings of Fact and Conclusions of Law pursuant to Rule 297 of the Texas
Rules of Civil Procedure.


 She did not, however, request the specific findings available under
section 14.057 of the Texas Family Code.


 No findings of fact or conclusions of law were made
by the trial court, and Walters timely perfected this appeal.
      In points one through seven Walters contends that the court erred in holding her to the burden
of proof provided in section 14.08(c)(2) of the Family Code, granting Taylor's motion for
judgment, failing to find a material and substantial change in circumstances, and denying her
motion to modify. Section 14.08(c)(2) of the Texas Family Code provides: 
(c) After a hearing, the court may modify an order or portion of a decree that:
 . . . . 
 (2) provides for the support of a child if the circumstances of the child or a person
affected by the order or portion of the decree to be modified have materially and
substantially changed since the date of its rendition, except that a support order may be
modified only as to obligations accruing after the earlier of the date of service of citation
or an appearance on the motion to modify . . . .

(Emphasis added).




      Walters argues that because the divorce decree did not "provide[] for the support of a child,"
her motion to modify required the court to make an initial determination of child support. We
disagree for two reasons. First, the divorce decree expressly provides for the support of the
children. In the original proceeding the court found that the agreement of the parties, containing
provisions for support of the children, was in the best interest of the children and ordered that no
child support be paid by either party. Second, Walters pleading supports a modification only on
the basis of a material and substantial change of circumstances. As a result, the trial court
properly applied section 14.08(c)(2) to Walters' motion to modify.
      In determining whether a modification in child support payments is appropriate, the trial court
should examine the circumstances of the children and parents at the time the prior decree was
rendered in relation to the circumstances existing at the time the prior order is sought to be
modified.


 Walters called three witnesses and introduced copies of Taylor's 1989 and 1990 tax
returns.
      Walters first witness was Marc L. Irvin, a trust officer in the Personal Trust Administration
Division of Texas Commerce Bank. On direct examination Irvin testified only that he
administered the testamentary trust of James Baldwin, Walters' father, and that Walters' mother,
Margie Carpenter, was the trustee. On cross-examination, Irvin testified that he routinely makes
distributions from the trust of $4000 per month to Walters. At the direction of the trustee, Irvin
occasionally made additional distributions of trust assets to Walters. Without the trust records he
was unable to accurately estimate the total amount of additional disbursements. According to
Irvin, however, Walters very well could have received in excess of $120,000 from the trust during
the past year.
      Walters then called Taylor as a witness. He testified that, in addition to the child support
provisions contained in the divorce decree, the children continued to live in the home in which he
retained an interest and he provided health insurance coverage for the children. Taylor worked
for Zerod Company Realtors at the time of the divorce and earned approximately $22,500 in 1984. 
He worked for Pioneer Plastics from March 26, 1987, until October 8, 1990. His 1989 income
tax return reflected an adjusted gross income of $31,268. Between October 1990 and October
1991 he worked briefly in California. His 1990 income tax return reflected an adjusted gross
income of $26,142. According to Taylor, at the time of the hearing he was training as a Farmers
Insurance agent, and his income since October 18 had been zero.
      Of the four children, only two were under the age of eighteen at the time of the hearing. All
four children had attended a private elementary and secondary school, and one was now attending
Southern Methodist University. Walters testified that in 1984 the total cost for enrolling four
children at St. John's was approximately $15,000. Tuition for the two children enrolled in 1991
was approximately $13,000. According to Walters, at the time of the divorce she received a
"small amount from the antique furnishings" that she was selling with her sister, but was not
earning any income at the time of the hearing. She was assisting her current husband in his work
and was receiving no salary.
      Although the trial judge had repeatedly admonished Walters' counsel that he had heard no
evidence of a material and substantial change of circumstances, Walters rested at the conclusion
of her testimony. Because there is no evidence that the circumstances of the children or a person
affected by the divorce decree had materially and substantially changed since the date of the
divorce, we overrule points one through seven.
      In points eight and nine Walters contends that the court erred in failing to make findings of
fact and conclusions of law pursuant to section 14.057 of the Family Code and Rules 296 and 297
of the Rules of Civil Procedure. Walters, however, failed to request the findings specified by
section 14.057 of the Family Code. Furthermore, when a trial court grants a motion for judgment
in a non-jury trial after the plaintiff rests, and there is no evidence to support an element of the
plaintiff's case, the court is not authorized to make findings of fact.


 Indeed, with no evidence of
a material or substantial change in the record, the only finding or conclusion the court could have
made is that the Walters' motion was entirely without merit. This the court did in the written
order denying the motion to modify. We overrule points of error eight and nine.
      We affirm the order of the trial court denying Walters' motion to modify. Finally, Taylor
requests damages for delay as authorized by Rule 84 of the Rules of Appellate Procedure. Because
Walters has taken this appeal for delay and without sufficient cause, we award Taylor $1166,
which is four times the total taxable costs, as damages against Walters.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed 
Do not publish